UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FNU SHAFIULLAH,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, et al.<br><br>Respondents. | CASE NO. 2:26-cv-02510-JNW<br><br>ORDER |

## 1. INTRODUCTION

Petitioner FNU Shafiullah, proceeding pro se, petitioned the Court for a writ of habeas corpus. Dkt. No. 8. He also moved to appoint counsel, Dkt. No. 4, and moved for proof that Respondents mailed him their response brief, Dkt. No. 17. For the reasons below, the Court GRANTS the habeas petition in part and DENIES his other motions as MOOT.

## 2. BACKGROUND

Shafiullah is a citizen of Afghanistan. Dkt. No. 8-1 ¶ 1. Before fleeing Afghanistan, he worked as a police officer assisting the United States. *Id.* In 2020, Taliban members bombed his car causing him serious injuries. *Id.* ¶ 3. When the

Taliban seized control of the region, Shafiullah—fearing violent retribution—fled to Pakistan in September 2021. *Id.* ¶ 5. He obtained a Pakistani passport. Dkt. Nos. 8-1 ¶ 6; 15-2 at 9.

On February 10, 2025, Shafiullah was admitted to the United States on a B-2 nonimmigrant visa at Dulles Airport. Dkt. Nos. 8-1 ¶ 6; 14 ¶ 3. On May 11, 2025, he tried to cross the border, but the Canada Border Services Agency denied him entry. Dkt. Nos. 8-1 ¶¶ 7-8; 14 ¶ 4. The same day, U.S. Customs and Border Protection (CBP) encountered Shafiullah and issued him a Notice to Appear ("NTA"). Dkt. No. 15-3 at 2-5. The NTA charged Shafiullah as "admitted to the United States" but removable under 8 U.S.C. § 212(a)(7)(A)(i)(I) for lacking a valid entry document and passport at the time of admission to the United States, and under 8 § U.S.C. 212(a)(6)(C)(i) for procuring admission by fraud or "willfully misrepresenting a material fact." *Id.* at 2, 5. CBP arrested Shafiullah and transferred him to the Northwest ICE Processing Center ("NWIPC"), where he remains detained. Dkt. No. 14 ¶ 6.

On September 25, 2025, an immigration judge ("IJ") ordered Shafiullah removed to Afghanistan. Dkt. No. 15-5 at 4. He appealed the removal order to the Board of Immigration Appeals (BIA), which affirmed the IJ's order. Dkt. No. 15-6 at 3. Shafiullah then petitioned the Ninth Circuit for review and asked that the court stay his removal. His removal is temporarily stayed. Dkt. No. 18 at 9.

Shafiullah says that his health has deteriorated during his detention. Dkt. No. 8-1 ¶ 13. He suffers chronic pain, and has not received treatment for his asthma, anxiety disorder, GERD, and chronic otitis media. *Id.* ¶¶ 15–19. The poor

conditions at NWIPC exacerbate Shafiullah's health problems—he often goes without eating and sleeping because the food is "not properly cooked" and the lights stay on all night. *Id.* ¶¶ 24–25.

## 3. DISCUSSION

### 3.1 Shafiullah is not subject to mandatory detention under 8 U.S.C. § 1231(a)(2).

Respondents argue that Shafiullah's petition fails because he is in the 90-day removal period under Section 1231(a)(2)(A), during which DHS "shall detain" a noncitizen. But the removal period hasn't started. It "begins on the latest of the following: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

Respondents argue Shafiullah's removal order became final on August 28, 2026, after the Board of Immigration Appeals dismissed his appeal. But Shafiullah's Ninth Circuit petition for review remains pending, and his removal is stayed. *See Shafiullah v. Blanche*, Case No. 26-6039 (9th Cir. Sep. 16, 2026). Therefore, Shafiullah's removal order will not become final until the Ninth Circuit issues its final order. Section 1231(a)(2)(A) does not apply.

### 3.2 Shafiullah is entitled to a bond hearing under 8 U.S.C. § 1226(a).

Because Respondents identify an inapplicable statute, the Court must determine which statute governs Shafiullah's detention. Shafiullah contends that

he is detained under 8 U.S.C. § 1226(a), the "default rule" for noncitizens present in the United States who are arrested and placed in immigration detention. *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226(a) permits the government to release a detainee on bond during the pendency of removal proceedings. *Id.*

In contrast, Section 1225(b) applies to noncitizens who are "applicants for admission," and subjects those who are "seeking admission," but "not clearly and beyond a doubt entitled to be admitted," to mandatory detention pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A). The Ninth Circuit recently held that § 1225(b)(2)(A) applies to noncitizens "entering the United States at the border," while § 1226 governs "inadmissible and deportable aliens present in the interior." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1172 (9th Cir. 2026). Section 1226 thus covers "admitted aliens who overstay or violate the terms of their visas or who engage in conduct that renders them removable." *Id.* at 1167 (citation modified).

Applying these principles, Shafiullah is not subject to mandatory detention under § 1225(b). He was arrested after having already been admitted to the United States. Dkt. Nos. 8-1 ¶ 6; 14 ¶ 3. Thus, he was residing in the United States, not seeking admission. Respondents' records confirm as much. The NTA charged Shafiullah as "admitted" but "removable" and expressly declined to classify him as an "arriving alien." Dkt. No. 15-3 at 2. *See Cotoc Yac De Yac v. Hermosillo*, 2:25-cv-02593-DGE TLF, 2026 WL 124334, at *3 (W.D. Wash. Jan. 16, 2026) (relying on identical NTA language as evidence noncitizen was not "seeking admission"); *Garcia Gabriel v. Hermosillo*, 2:25-CV-02594-DGE-GJL, 2026 WL 194233 at * 3

(W.D. Wash. Jan. 26, 2026) (finding same). The Court concludes that Shafiullah is thus detained under Section 1226(a), which entitles him to a bond hearing.[1]

**3.3 Scope of relief.**

Shafiullah's petition asks for release, or in the alternative, a bond hearing before an immigration judge. Dkt. No. 8. Consistent with the approach taken by courts in this district, the Court finds that the appropriate remedy here is a bond hearing before an immigration judge rather than immediate release. *See, e.g., Mitka v. ICE Field Off. Dir.*, No. C19-193-MJP BAT, 2019 WL 5901970, at *4 (W.D. Wash. Sept. 6, 2019) ("[p]etitioner is not entitled to an order of release, but he is entitled to a bond hearing[,]" and ordering a bond hearing within thirty days); *Martinez v. Clark*, No. C-18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (ordering a bond hearing within thirty days).

At the bond hearing, Respondents bear the burden of establishing, by clear and convincing evidence, that Shafiullah presents a flight risk or a danger to the community. *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). If Respondents fail to provide Shafiullah a constitutionally adequate hearing within fourteen days of this order, he must be immediately released. *Jimenez v. Wolf*, No. 19-CV-07996-NC, 2020 WL 1082648, at *4 (N.D. Cal. Mar. 6, 2020) (ordering the petitioner's

---

[1] Because the Court resolves this case on statutory grounds, it need not reach Shafiullah's argument that his detention has become unconstitutionally prolonged under the framework set forth in *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019).

immediate release on appropriate conditions where the respondents did not provide a constitutionally compliant bond hearing after the court granted the petitioner's habeas petition and ordered a bond hearing).

### 3.4 The Court denies Shafiullah's other motions as moot.

Shafiullah moved to appoint counsel. Dkt. No. 4. Because the Court finds the issues straightforward and grants in part Shafiullah's habeas petition, it finds counsel unnecessary. Therefore, Shafiullah's motion is DENIED as moot.

Shafiullah also moved for proof that Respondents mailed him their response brief, and asked the Court to treat his petition as unopposed and order his immediate release. He stated that, as of September 28, 2026, he had not received a copy of Respondents' response brief. Dkt. No. 17 at 1. Respondents certified service of their response brief via certified mail on September 18, 2026. On October 5, 2026, Shafiullah filed his traverse referencing Respondents' arguments. Because it appears that Shafiullah received a copy of Respondents' response brief and the Court considered his traverse, the relief Shafiullah sought was achieved. As a result, the Court DENIES Shafiullah's motion at Dkt. No. 17 as moot.

## 4. CONCLUSION

Accordingly, the Court orders as follows:

1. The petition for a writ of habeas corpus is GRANTED in part. Dkt. No. 8.
2. Within FOURTEEN (14) days of this order, Respondents must either provide Petitioner with a constitutionally adequate bond hearing or release him under an appropriate order of supervision.

3. If the individualized bond hearing is not conducted within FOURTEEN (14) days of this order, Respondents MUST immediately release Petitioner under appropriate conditions of supervised release.
4. Petitioner's motion for appointed counsel is DENIED as moot.
5. Petitioner's motion at Dkt. No. 17 is also DENIED as moot.

Dated this 13th day of October, 2026.

Jamal N. Whitehead
United States District Judge